IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MICHAEL BRENNAN, as Guardian ad Litem
For and on behalf of K.S. and S.S., minors,
JONATHAN SPURR, and KELLY JEAN SPURR,
Individually and as Next Friend for and on behalf of
ZOIE SPURR, a minor,
        Plaintiffs,

v.                                                                                                          CIV 13-0006 JAP/KBM

FORD MOTOR COMPANY,
TRW AUTOMOTIVE, and
TRW VEHICLE SAFETY SYSTEMS, INC.,

        Defendants.


## ORDER ON DEFENDANT TRW'S MOTION TO COMPEL

THIS MATTER is before the Court on the Motion to Compel Complete Discovery Responses from Plaintiffs *(Doc. 61),* filed by Defendant TRW Vehicle Safety Systems, Inc. ("TRW") which was fully briefed as of September 30, 2014.  The Court has reviewed the arguments of the parties and appreciates the efforts of counsel in resolving many of the issues originally presented.  At yesterday's monthly telephonic status conference, I indicated that I would rule on the motion without oral arguments if I found it unnecessary for a decision.  With one exception, I find that I can so proceed.

As to TRW's Requests for Production Nos. 40-43, the Court finds that Plaintiffs have waived their "burdensome" and " harassment"' objections by failing to raise such objections in their original responses to the requests.  Insofar as Plaintiffs contend that production of the documents would violate protective orders in place in other litigation

involving TRW, this argument makes no sense.  TRW is the entity which produced such documents in the first place and is already aware of any trade secret information contained therein.  Moreover, simply identifying and producing documents "relevant" to the issues in this case does not unduly invade the thought processes of counsel for Plaintiffs nor require that they reach any legal conclusions.  Plaintiffs are simply requested to produce TRW documents that they have in their possession that they contend are relevant to the issues in this case, the Court will so order such production by October 17, 2014.

   As they should have provided at the onset as to Responses to Interrogatory 2 and Requests for Production Nos. 8, 26, 30, 45, 47-49 and 54, Plaintiffs will be required to provide a privilege log for any documents withheld on the grounds of attorney-client privilege or the work product doctrine.  Again, the complete privilege log is to be provided to TRW by October 17, 2014.

   Finally, the Court will take under advisement whether Plaintiffs should be required to more fully respond to Interrogatories 19 and 21.  Counsel for Plaintiffs were directed at the status conference to consult with their experts to ascertain when Plaintiffs might have sufficient information to respond to those inquiries and provide that information at next month's telephonic status conference.  At that time, I will entertain the arguments of counsel and rule on the issue.

   **IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE