UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL BRENNAN**, Guardian Ad Litem
for and on behalf of **K.S.** and **S.S.**, Minors;
**JONATHAN SPURR** and **KELLY JEAN
SPURR**, Individually and as Next Friends
for and on behalf of **Z.S.**, a Minor,

    Plaintiffs,

v.     1:14-cv-0006 JAP/KBM

**FORD MOTOR COMPANY**;
**TRW AUTOMOTIVE U.S., LLC**; and
**TRW VEHICLE SAFETY SYSTEMS**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On January 28, 2015, Defendant TRW Vehicle Safety Systems, Inc. ("TRW VSSI") filed DEFENDANT TRW VEHICLE SAFETY SYSTEMS INC'S AMENDED MOTION TO DISMISS (Doc. No. 73) (Motion to Dismiss). On February 10, 2015, Plaintiffs filed PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF TRW VEHICLE SAFETY SYSTEMS INC (Doc. No. 83) (Response). On February 24, 2015, Defendant filed DEFENDANT TRW VEHICLE SAFETY SYSTEMS INC'S REPLY (Doc. No. 84) (Reply).

The Motion to Dismiss asks the Court for a judgment on the pleadings under Fed. R. Civ. P. 12(c) or to dismiss the Complaint as a sanction for discovery violations under Fed. R. Civ. P. 37. Because the Court concludes the Complaint states a claim for relief under Fed. R. Civ. P. 8, the Court will deny TRW VSSI's motion for judgment on the pleadings. The Court will likewise deny TRW VSSI's motion to dismiss Plaintiff's complaint as a sanction for discovery violations

1

under Rule 37 because it should have first been raised with the magistrate judge as a renewed motion to compel or for sanctions.

## BACKGROUND

Plaintiffs bring claims for strict products liability, negligence, gross negligence, and breach of warranty against Defendants arising from a roll-over accident near Caballo, New Mexico on January 2, 2011. Complaint ¶ 10.[1] Plaintiff Jonathan Spurr was driving the family's 2004 Ford Excursion when it "transitioned into an oversteer or slide condition—and rolled over several times." *Id.* ¶ 11. Plaintiffs Kelly Spurr, K.S., S.S., and Z.S. were all inside the car at the time. *Id.* Each passenger was "properly utilizing the lap and shoulder belts in their seating positions in the Excursion…." *Id.* But when the car rolled over, each passenger "sustained serious injuries as a result of being partially or fully ejected from the vehicle." *Id.*

Plaintiffs allege that TRW VSSI designed the seatbelt system installed in the Plaintiffs' Ford Excursion. *Id.* ¶ 17. Plaintiffs allege that "[t]he safety belt system [in the Ford Excursion] is defective…because it has an unreasonable tendency to fail to keep belted occupants in the Excursion coupled to their seat inside the vehicle and/or safe from injurious contacts with the interior structure of the vehicle." *Id.* Plaintiffs further allege TRW VSSI failed to design or otherwise test the "the safety belt system…in the Excursion…[to ensure] occupants of the vehicles [remained] coupled to their seats, safely inside the vehicle, and safe from…injuries from contact with the interior portions of the vehicle during a rollover…." *Id.* ¶ 27.

---

[1] This recitation of facts is drawn from Plaintiffs' Complaint. The facts are stated in the light most favorable to Plaintiffs, given the applicable standard of review. *Archuleta v. Wagner*, 523 F.3d 1278, 1282–83 (10th Cir. 2008).

## DISCUSSION

### I. TRW VSSI's motion for judgment on the pleadings under Rule 12(c)

#### (A) Standard of review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard as that applicable to a motion to dismiss under Rule 12(b)(6). *Ramirez v. Dept. of Corrections, Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000). A Rule 12(b)(6) motion, in turn, requires a court to accept as true all "well-pleaded facts" in the complaint, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party. *Archuleta v. Wagner*, 523 F.3d 1278, 1282–83 (10th Cir. 2008) (quotation and alteration omitted). A motion to dismiss "test[s] the formal sufficiency of the statement of the claim for relief" in a complaint. 5B Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1356 (West 2004). Its purpose is not to "resolv[e] a contest between the parties about the facts or the substantive merits of the plaintiff's case." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead with specificity the facts which give rise to a claim; nonetheless, a Plaintiff must provide a sufficient foundation for concluding that the named defendants had a plausible and not merely conceivable role in the complained-of conduct. *Id.* at 680. In other words, a Plaintiff must do something, however minimal, to "nudge" the Plaintiff's claims across the line separating the conceivable from the plausible. *Id.*

**(B)     Discussion**

TRW VSSI argues that it is entitled to judgment on the pleadings because Plaintiffs' complaint makes no non-conclusory assertions of fact which state a claim for relief against it. Motion to Dismiss at 2. Specifically, TRW VSSI contends that Plaintiffs' allegations of fact are no more than variations on "the same conclusory recitation—that TRW VSSI is liable to Plaintiffs due to some unspecified 'safety belt system failure.'" *Id.* Plaintiffs respond that paragraphs 10, 11, 17 and 24–27 of the Complaint make sufficient factual allegations to survive a Rule 12(c) motion. Response at 2–3.

Normally, evaluating a motion to dismiss under Rule 12(c) or 12(b)(6) involves some determination of whether the plaintiff's factual allegations make out the elements of a claim for relief. But in this case, TRW VSSI does not argue that Plaintiffs have failed to allege the elements of each claim in the Complaint. Instead, TRW VSSI contends that Plaintiffs are required under Rule 8 to allege the specific aspect of the seatbelt system that failed in order to state *any* claim for relief. Motion to Dismiss at 5. Plaintiffs respond that, however threadbare Plaintiffs' allegations of fact may be, they give TRW VSSI fair notice of the grounds for their claims. Response at 5.

It is true that Plaintiff's Complaint makes minimal allegations about how the seatbelt system caused their alleged injuries. But all Rule 8 requires is "a showing, rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quotation omitted). Plaintiffs have alleged that when the Excursion rolled over, the seatbelts failed, causing Plaintiffs' bodies to come into "injurious" contact with the interior of the vehicle. Complaint ¶ 17. These are assertions of fact, not legal conclusions. Therefore, the Court will deny TRW VSSI's motion for judgment on the pleadings under Rule 12(c).

> **II. TRW VSSI's motion to dismiss under Rule 37: The Court will not determine, in the first instance, whether Plaintiffs failed to comply with Judge Molzen's order compelling responses to Interrogatories 19 and 21.**

On September 2, 2014, TRW VSSI filed a MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES FROM PLAINTIFFS (Doc. No. 61) (Motion to Compel). In part, TRW VSSI sought to compel Plaintiffs to provide more detailed interrogatory responses. Interrogatory 19 asked Plaintiffs to

> [i]dentify and describe the specific defect you claim with respect to each of the Plaintiffs' or Minors' seat belt systems, including…each Plaintiff's…seating position at the time of the accident, the specific TRW [VSSI] component you allege to be defective, the specific defect in that Plaintiff's…seat belt system you allege, the type of defect involved…, whether the defect is a design, manufacturing, or marketing defect, and any alternative design you contend is safer.

Motion to Compel at 4. Another, Interrogatory 21, asked Plaintiffs to "[d]escribe each act or omission on the part of TRW that you claim was a cause or proximate cause of the harm you claim in your Complaint." *Id.* at 5.

Plaintiffs responded to the interrogatories by either referring to the Complaint's factual and legal assertions, or with an objection stating "[The Plaintiffs] are not engineers and are therefore incapable of articulating scientific explanations. The requested information will be provided by engineers when disclosed." Motion to Compel at 4–5.

Plaintiffs' responses did not wash with TRW VSSI. Hence the Motion to Compel. After briefing and a hearing on the Motion to Compel, Chief Magistrate Judge Karen Molzen ruled that "[TRW VSSI] will serve Plaintiff[s] with reformulated Interrogatory Nos. 19 and 21 that seek a more foundational basis for Plaintiffs' theories of liability against TRW. Plaintiffs are required to fully respond to the reformulated requests subject to supplementation, if necessary."

5

*See* CLERK'S MINUTES FOR TELEPHONIC STATUS CONFERENCE HELD ON 10/29/2014, Doc. No. 68 (Minute Entry).

TRW VSSI's 'reformulated' Interrogatory 19 inserted ", in general terms, " between "describe" and "the specific." The 'reformulated' Interrogatory 21 replaced "[d]escribe" with "[i]dentify generally." Response at 6. And if TRW VSSI's "reformulation" was glib, so was Plaintiffs' response: besides detailing which seat each Plaintiff occupied in the Excursion at the time of the crash and providing new details about the injuries each Plaintiff suffered, Plaintiffs' response to the 'reformulated' interrogatories simply stated that the "entire [seatbelt] system [in the Excursion] is at issue." Doc. No. 83-3 at 4.

TRW VSSI argues Plaintiffs' response, in light of Judge Molzen's order, is a "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). TRW VSSI asks the Court to "dismiss[] the action or proceeding in whole" as a sanction for the failure. Rule 37(b)(2)(A)(v). Plaintiffs respond that because they have provided all responsive non-privileged information they possess, any sanction, much less dismissal of their complaint, would be inappropriate. Response at 7; Doc. No. 83-3 at 2.

But whether Plaintiffs complied with Judge Molzen's order turns on whether or not TRW VSSI complied with the express condition Judge Molzen placed on her order: that TRW VSSI "reformulate[]" its interrogatories to seek "a more foundational basis for Plaintiffs' theories of liability against TRW [VSSI]." Because Judge Molzen is best situated to make this determination in the first instance, TRW VSSI should have submitted a renewed motion to compel or a motion for sanctions to Judge Molzen, not this Court. *See* D.N.M. Administrative Order No. 92-88 (parties must "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought.").

## CONCLUSION

Because Plaintiffs' Complaint makes non-conclusory allegations of fact that TRW VSSI's safety belt system was defective and caused Plaintiffs' injuries, the Court will deny TRW VSSI's motion for judgment on the pleadings under Rule 12(c). The Court declines to address, in the first instance, whether Plaintiffs failed to comply with Judge Molzen's October 29, 2014 order compelling Plaintiffs to respond to Interrogatories 19 and 21.

It is therefore ORDERED that TRW VSSI's Motion to Dismiss (Doc. No. 73) is

(1) DENIED as to TRW VSSI's motion for judgment on the pleadings under Rule 12(c); and

(2) DENIED WITHOUT PREJUDICE to TRW VSSI's motion for sanctions under Rule 37; TRW VSSI may file a renewed motion for Rule 37 sanctions to be addressed by Judge Molzen in the first instance.

_____
SENIOR UNITED STATES DISTRICT JUDGE