IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL BRENNAN, as Guardian Ad Litem
for and on behalf of K.S. and S.S., minors;
JONATHAN SPURR and KELLY JEAN SPURR,
individually and as Next Friend for and on behalf of
Z.S., a minor,

        Plaintiffs,

vs.                                                        CIV 14-0006 JAP/KBM

FORD MOTOR COMPANY,
TRW AUTOMOTIVE, and
TRW VEHICLE SAFETY SYSTEMS, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT TRW VSSI'S MOTION FOR PROTECTIVE ORDER

THIS MATTER comes before the Court on the Motion for Protective Order (*Doc. 96*) filed by Defendant TRW Vehicle Safety Systems, Inc. ("TRW VSSI") on May 13, 2015. The Court considered the submissions by the parties and finds that the motion is well taken and will be granted.

This product liability case arises from a rollover of a 2004 model year Ford Excursion, which allegedly was equipped with safety belt systems provided by TRW VSSI. Plaintiffs request documents which TRW VSSI contends contain trade secrets and proprietary information requiring the protection of a confidentiality order. Plaintiffs object to the entry of a confidentiality order and argue that the request for a protective order is untimely, that TRW VSSI has not met its burden of establishing the

necessity for such an order, and that the form and content of Defendant's proposed order is inappropriate. The Court addresses each of Plaintiffs' concerns below.

### 1. TRW VSSI's Motion is Not Untimely

There is no requirement in the Federal Rules of Civil Procedure or under this District's Local Rules that a party must file a motion for protective order within a certain time frame. Plaintiff nevertheless contends that the timing for the filing of a Rule 26 motion for protective order has "been made clear in this District." *Doc. 100* at 8. Plaintiff expressly relies on six opinions by Judge Browning for that proposition. Judge Browning recites the following observation under a heading "Law on Protective Orders" in each of those opinions:

> Although rule 26(c) is silent as to the time within which the movant must file for a protective order, the Tenth Circuit has held that "a motion under [rule] 26(c) for protection . . . is timely filed if made before the date set for production." *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 622 n. 2 (10th Cir.1982).

As best the Court can discern, however, none of those cited decisions actually addressed a timeliness issue. Moreover, the omitted language in the quoted passage from *In Re Coordinated Pretrial Proceedings* reveals the context in which the Tenth Circuit addressed the timeliness issue: "a motion under Fed. R. Civ. P. 26(c) for **_protection from a subpoena_** is timely filed if made before the date set for production." *Id.* (emphasis added). The date for production in response to a subpoena is easily ascertainable – it is set forth in the subpoena. In contrast, when responding to requests for production, "the response must either state that inspection and related activities will be

permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The Court notes that here, TRW VSSI's timely responses to the discovery requests indicated that it would produce the information upon entry of an appropriate protective order, and there were corresponding efforts, even if unsuccessful, to obtain a stipulated protective order. Simply put, the Court is not persuaded that TRW VSSI's motion for protective order is untimely.

## 2. A Protective Order is Appropriate

A party may move for a protective order, and the Court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including a requirement "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed on in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

> To resist discovery under Rule 26(c)(7), a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful. If these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action. The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure.

*Centurion Indus., Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981) (internal citations omitted). Once relevancy and need are shown, it is within the Court's discretion to determine "the appropriate safeguards that should attend their disclosure by means of a protective order . . . ." *Id.* at 326.

Plaintiffs contend that the affidavit of Robert Ellis, offered by TRW VSSI, is "nothing more than self-serving conclusions rather than real or specific facts." *Doc. 100* at 6. To the

contrary, Mr. Ellis explains that the documents requested by Plaintiffs contain "details of the manufacturing process and/or competitive commercial information," including "plans or specifications provided to TRW VSSI by its customer, the vehicle manufacturer; or are the internal documents of TRW VSSI created by TRW VSSI to give it a competitive advantage in its business," and "contractual records, pans, drawings, specifications, test procedures, and test results for seat belt assembly components designed in part, manufactured in part and finally assembled by TRW VSSI." *Doc. 96-1* at 4, 5. Mr. Ellis further explains:

> TRW VSSI's drawings include descriptions of a particular component or assembly, the materials used to manufacture the component, the dimensions of the component, the tolerances to which the component must be made, the finishes, coatings, treatments or other production processes that are to be applied to the components during the manufacturing process, the relationship of each component to other components that are also part of the overall seat belt assembly and a listing of changes reflecting the evolutionary development of each component.

*Id.* at 6.

Mr. Ellis discusses the competitive nature of the occupant restraint business and the necessity of ensuring TRW VSSI's trade secrets and confidential information remain strictly confidential. *Id.* at 2. He describes the steps taken by TRW VSSI to ensure confidentiality, and how the information could be harmful to TRW VSSI. *Id.* at 2-3, 6. Thus, TRW VSSI sufficiently establishes that the information requested includes trade secrets and that unfettered disclosure of such information would place TRW VSSI at a competitive disadvantage.

4

There does not appear to be a dispute that the information sought by Plaintiffs is relevant and necessary to the litigation. TRW VSSI agreed to produce much of the requested documents pursuant to a protective order. *See Doc. 100-1* at 5-9 (TRW VSSI's responses to Request for Production Nos. 4, 5, 8, 9, 10, 11, 13, and 14). Since both of the *Centurion* requirements are met, the information sought is subject to protection under Rule 26(c).

### 3. The Court Will Adopt TRW VSSI's Proposed Protective Order

"[I]f the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion." *Centurion*, 665 F.2d at 326. Both parties submit a proposed order for the Court's consideration. The Court rejects Plaintiffs' proposed order because it does not adequately protect TRW VSSI's confidential information. On the other hand, TRW VSSI's proposed order "appropriately balances Plaintiffs' right to obtain information under Rule 26 and [TRW VSSI's] right to be free from intrusive, burdensome discovery, and from unfair or inadvertent disclosure of protected information." *Ramos v. Cooper Tire*, 10cv0198 JAP/ACT, *Doc. 155* at 6 (D.N.M. March 8, 2011) (unpublished).

Plaintiffs' concerns as to the form and content of TRW VSSI's proposed order are unfounded. Plaintiff first complains that TRW VSSI's proposed order allows protection for information other than trade secrets. As TRW VSSI notes, Rule 26(c)(1)(G) does not limit protection to only "trade secrets" but also affords protection for "other confidential research, development, or commercial information." Accordingly, it is appropriate for TRW VSSI's proposed order to provide protection for materials other than trade secrets.

5

Plaintiffs' second argument is unclear and does not explain why TRW VSSI's language protecting confidential information "that is not in the public record" is objectionable.

Plaintiffs next contend that the provision in the proposed order that requires them to identify and provide signed acknowledgements from people to whom Plaintiffs have provided confidential documents will force them to reveal work product, including the timing of their experts and consultants. TRW VSSI's proposed order requires that signed acknowledgements be provided only **after the conclusion of the case**, which eliminates Plaintiffs' concerns that they would be forced to reveal the timing of experts in the course of litigation. Further, TRW VSSI must have a good faith basis to believe that confidential materials have been improperly disclosed before requesting or petitioning the Court for disclosure of the identity of consultants.

Plaintiffs complain that TRW VSSI's proposed order does not allow them to share the information with other attorneys or litigants in similar cases. This Court agrees with the sound decisions from judges in this district and others that have found that sharing provisions undermine the reasons for protective orders in the first instance and place confidential information at risk of disclosure. *See Ramos*, 10cv0198 JAP/ACT, *Doc. 155* at 13; *McKellips v. Kumho Tire Co., Inc.*, 13cv2393 JTM/TJJ, 2014 WL 3547126, *1 (D. Kan. July 17, 2014) (unpublished). As Senior District Judge Parker observed, "Plaintiffs' proposed order would have allowed access to the disseminated information by parties that are not subject to the jurisdiction of this Court. The Court has a duty to guard against

potential abuses of discovery, and the Protective Order fulfills that duty." *Ramos*, 10cv0198 JAP/ACT, *Doc. 155* at 13.

Plaintiffs also argue that by having counsel destroy their notes, lists, indices and the like following the conclusion of the case, TRW VSSI's proposed order interferes with counsel's work product. The protection provided in a confidentiality order is not designed to protect a specific document, rather it protects the information the document contains. Thus, protection should extend to confidential information when it is duplicated or fashioned into other forms. Plaintiffs have not established the need to retain this information beyond the confines of this case.

Plaintiffs assert that TRW VSSI's proposal shifts the burden when challenging a designation of confidentiality. As TRW VSSI points out, "the burden to demonstrate good cause for protection always rests on the party seeking protection." *Doc. 105* at 6; *see also S2 Automation LLC v. Micron Tech., Inc.*, 283 F.R.D. 671, 681 (D.N.M. 2012) ("It is the party seeking the protective order who has the burden to show good cause for a protective order.") (internal citation and quotations omitted). TRW VSSI will continue to have the burden to establish the need for protection of any document it designates as confidential under the terms of the protective order.

Finally, Plaintiffs' interest in the "integrity of the litigation file" does not outweigh TRW VSSI's interest in keeping its proprietary information and trade secrets confidential. The Court agrees with TRW VSSI that Plaintiffs' interest in TRW VSSI's confidential material should terminate with the litigation.

Wherefore,

**IT IS ORDERED** that Defendant TRW VSSI's Motion for Protective Order (*Doc. 96*) is **granted** and its proposed protective order (*Doc. 96-2*) shall be filed concurrently herewith.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE