IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL BRENNAN, as Guardian Ad Litem
for and on behalf of K.S. and S.S., minors;
JONATHAN SPURR and KELLY JEAN SPURR,
individually and as Next Friend for and on behalf of
Z.S., a minor,

        Plaintiffs,

vs.                                                    CIV 14-0006 JAP/KBM

FORD MOTOR COMPANY,
TRW AUTOMOTIVE, and
TRW VEHICLE SAFETY SYSTEMS, INC.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court on Plaintiffs' Motion for Sanctions against Defendant TRW-VSSI (*Doc. 102*), filed on June 3, 2015. After the briefing was completed on July 6, 2015, both Plaintiffs and Defendant TRW Vehicle Safety Systems, Inc. ("TRW-VSSI" or "TRW VSSI") have filed related documents which the Court will consider in conjunction the briefs submitted by the parties. *See Doc. 119* (TRW-VSSI's Update on Warranty Information Production) *& Doc. 116* (Plaintiffs' Response to TRW-VSSI's Status Letter) (both dated July 28, 2015). The Court considered the submissions by the parties and finds that the motion is not well taken and will be denied.

      This product liability case arises from a rollover of a 2004 model year Ford Excursion, which allegedly was equipped with safety belt systems provided by TRW-VSSI. In essence, Plaintiffs accuse TRW-VSSI of "continuing discovery abuse relating to discovery about warranty and consumer complaints." *Doc. 102* at 1.

As an initial matter, I must return to the initial discovery requests underpinning the dispute. Those discovery requests are:

● Interrogatory No. 5.01: "Provide the following relating to the 2000-2005 model Excursion truck referenced in the Complaint . . . [a] list of all claims, complaints or lawsuits known by you that involve the referenced model year trucks where the claim relates to safety belt failures and concerns. Please limit your response to the first and second row outboard seating positions.

● Request for Production No. 12: Any warranty claims, customer complaints, lawsuits, or customer concerns for the 00-05 Excursion safety belt system received by you as of February, 2015.

● Rule 30(b)(6) Deposition Topic No. 5: Warranty claims, lawsuits, customer complaints, and customer concerns raised about the safety belt system in the subject Excursion (see 1 above) from introduction until February, 2015.

The Court addressed the perceived deficiencies in TRW-VSSI's responses to these requests at a hearing held May 15, 2015 on Plaintiffs' Motion to Compel *(Doc. 88)*. *SeeTranscript, Doc. 98.* At that time, I orally granted the motion to compel in part as to those requests. My Order entered June 27, 2015, specifically memorialized my oral ruling that

> TRW is instructed to: (1) query Ford's database and its own database, if one exists; (2) produce all reasonably readily available responsive information in TRW's possession as soon as possible; (3) on or before May 22, 2015, file a letter addressed to the Court explaining how the analysis of warranty information is organized and functions within TRW VSSI, including the type information available, and what is involved in gathering and producing such information; and (4) should TRW VSSI contend that supplying any responsive warranty analysis information is unduly burdensome to produce, report to the Court, in writing, explaining the basis for its claim.

*Doc. 112* at 2-3. On May 22, 2015, one week after the hearing, Defendant TRW-VSSI filed its "Statement of Warranty Information" providing "a description

of potential warranty information" that was available. *See Doc. 99.* At issue on this motion for sanctions is Paragraph 3 of that report which reads as follows:

> TRW VSSI **does possess its own internal documents** relating to warranty analysis of products supplied to Ford. Based on information currently available, TRW VSSI maintains certain warranty information in electronic documents in a Microsoft Excel format. These documents may contain information on "relevant seat belts" if these parts were returned to Ford through Ford's warranty process, and may have been further analyzed by TRW VSSI. Here, "relevant seat belts" means, per the Court's May 15, 2015 ruling, seat belt assemblies originally installed in front outboard split bench/bucket seats in MY 2001-2004 Ford Excursions and second row outboard bucket seats in 2002-2005 Ford Excursions. These Excel documents are essentially lists of claims. We currently believe around three weeks from today's date to be a current good faith estimate for completing the search for, preparing and processing these documents for production.

Plaintiffs, however, inexplicably misreads the first sentence to insert a "not" between "does" and "possess" and asserts that TRW-VSSI is lying to the Court. *See Doc.* 102 at 2 (citing to the above Paragraph 3, Plaintiffs state that "**TRW made the following misrepresentations to the Court [that] TRW does *not* possess its own internal documents** relating to warranty analysis of products supplied to Ford.") (emphasis added). The Court is quite concerned that in their reply brief, Plaintiffs make absolutely no attempt to explain this, their own, material misrepresentation to the Court. *See Doc.114*.

Instead, Plaintiffs pivot to a new argument for the imposition of sanctions – that TRW-VSSI has "failed to openly and honestly respond to this Court's order." *Doc. 114* at 1. Specifically, Plaintiffs contend that "[t]he Court very clearly ordered that TRW provide substantive information as to how TRW's warranty information and analysis procedures

3

works, and what material and data is available to be produced." *Id.* Quite to the contrary, however, I did not order TRW-VSSI to provide "information as to how the warranty inspection process works and what documents or data is generated." *Id.* at 2. I certainly would not have ordered discovery greatly more expansive and qualitatively different that that sought by the relevant discovery requests quoted above.

To be very clear, the Court never ordered that TRW-VSSI explain "what TRW actually does in the analysis of Ford warranty data, and in it analysis of warranty returned parts" as Plaintiffs assert. *Doc.116* at 2. Rather, the Court required TRW-VSSI to provide information as to the process of searching for, collecting and producing documents that are responsive to the discovery requests in this litigation in order to assess the relevance versus burden in production of the documents requested here. The Court further agrees with TRW-VSSI that "Plaintiffs fail to draw any connection for this Court between the case at issue, and the 'unrelated [*Grant*] litigation' in another forum." *Doc.109* at 6.

Wherefore,

**IT IS ORDERED** that on Plaintiffs' Motion for Sanctions against Defendant TRW-VSSI (*Doc. 102*), filed on June 3, 2015, is **denied.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE