IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL BRENNAN, as Guardian Ad
Litem for and on behalf of K.S. and S.S.,
Minors; JONATHAN SPURR and KELLY
JEAN SPURR, Individually and as Next
Friend for and on behalf of Z.S., a minor,

        Plaintiffs,

v.                                    CIV 14-0006 JAP/KBM

FORD MOTOR COMPANY,
TRW AUTOMOTIVE, and
TRW VEHICLE SAFETY SYSTEMS, INC.,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER DENYING<br>DEFENDANT TRW 'S MOTION FOR PROTECTION</u>

THIS MATTER comes before the Court on Defendant TRW Vehicle Safety

System Inc.'s ("TRW VSSI") Motion for Protection Regarding Corporate Representative

Deposition Notice (*Doc. 138*) filed on January 19, 2016. Having considered Plaintiffs'

Response (*Doc. 141*) and TRW VSSI's Reply (*Doc. 142*), the protective motion will be

granted in part.

## <u>BACKGROUND</u>

This product liability case arises from a rollover of a 2004 model year Ford

Excursion. *See generally Doc. 1-1*. Plaintiffs allege that they were ejected from the

Excursion despite properly using safety belt systems created by Defendant TRW VSSI.

*Id.* at 7-8. Plaintiffs have served an amended deposition notice pursuant to Federal Rule

of Civil Procedure 30(b)(6) to Defendant TRW VSSI requesting that it designate a

witness to speak to certain topics, specifically "[t]he design, development and testing of

the retractors used in the subject Excursion (front <u>and</u> third row outboard seating positions)[,]" and "[t]he design, development and testing of the buckles used in the subject Excursion (front <u>and</u> third row outboard seating positions)." *Doc. 138-2* (emphasis added). It is this deposition notice that is at issue in the instant Motion.

**A)  Plaintiffs' expansive Topics 1 and 3 of the Notice for the Rule 30 (b)(6) deposition would allow them to circumvent prior rulings of this Court.**

Defendant TRW VSSI moves the Court for an order prohibiting Plaintiffs from questioning its Rule 30(b)(6) witness about the front row buckle and third row retractor subassemblies because it alleges Plaintiff has admitted those components are irrelevant to their claims. *Doc. 138* at 3.[1] In support of its position, Defendant TRW VSSI relies on Plaintiffs' Second Supplemental Response to Interrogatory 19, where Plaintiffs expressly stated:

> Given information produced to date by TRW and Ford, Plaintiffs contend that the driver's retractor failed to function properly (spooled out over 12-14") and that [Z.S.]'s safety belt buckle [located in the third row] unlatched during the rollover. **Plaintiffs contend that the _referenced_ retractor and buckle are defective and unreasonably dangerous** due to the risks posed by the designs. Plaintiffs will supplement this response as they are able as discovery progresses.

*Doc. 138-1* at 2-3 (emphasis added). It is the understanding of the Court that no further supplementation took place.

Notwithstanding this supplemental answer to the contention interrogatory, Plaintiffs respond that one cannot discern whether a retractor or buckle subassembly performed properly without also considering the effect of the other seatbelt components. *Doc. 141* at 2-5. Thus, while Plaintiffs maintain that Z.S.'s buckle failed, they argue that cut patterns on her seatbelt webbing show that she was still wearing the retractor side

---

[1] Defendant TRW VSSI also moved the Court to limit the deposition as to two other topics, but the parties have resolved that dispute. *See Docs. 139, 141.*

2

of the webbing when she was ejected from the vehicle – an alleged possibility had the
retractor locked. *Id.* at 3-4. Plaintiffs speculate that if Z.S.'s retractor failed to lock and
remain locked, then the retractor's performance could have contributed to the unlatching
of the buckle. *Id.* at 4. In this same regard, Plaintiffs contend that while it was Mr.
Spurr's retractor that failed, information related to his buckle subassembly is still
relevant because the buckle is "a critical component of the restraint system and how it
performs in rollover[.]" *Id.* at 4. Plaintiffs state that Mr. Spurr's retractor was tested with a
buckle pretensioner, but that a pretensioner was not included as part of the seatbelt
system installed in the truck, and they argue that this design difference is relevant to
resolving the over-arching question of why Mr. Spurr's retractor failed. *Id.* at 4.

At this juncture, the Court agrees with Defendant TRW VSSI that Topics 1 and 3
are overly broad and seek information no longer discoverable. Earlier in this case,
Judge Parker denied a motion to dismiss the Complaint. In his memorandum and
opinion, Judge Parker made the following observation:

> It is true that Plaintiff's Complaint makes minimal allegations about
> how the seatbelt system caused their alleged injuries. But all Rule 8
> requires is "a showing, rather than a blanket assertion, of entitlement
> to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3
> (2007) (quotation omitted). Plaintiffs have alleged that when the
> Excursion rolled over, the seatbelts failed, causing Plaintiffs' bodies
> to come into "injurious" contact with the interior of the vehicle.
> Complaint ¶ 17. These are assertions of fact, not legal conclusions.

*Doc. 85* at 4.

But now a great deal of the fact discovery has taken place, I have made many
discovery rulings, and the parties have thereby focused the issues for discovery.
Specifically, I agree with TRW VSSI that Plaintiffs' above-quoted supplemental answer
to Interrogatory 19 "narrowed Plaintiffs' defect theories, and confirmed their allegations

of defect against TRW VSSI are limited to two relevant seat belt subassemblies: 1) the seat belt <u>retractor</u> for the <u>driver's seating position</u>, and 2) the seat belt <u>buckle</u> located in the <u>third-row left seating position.</u>" *Doc. 138* at 2. Simply put, having narrowed their theories of defects in July 1015, the Court finds it unwarranted to allow Plaintiffs to now expand them more than six months later.

**B) The Court will enforce the presumptive deposition limit of one day of seven hours; however, the parties shall continue the deposition for up to three hours on a second day to the extent needed to fairly examine the deponent.**

In addition to seeking to limit the scope of the deposition, Defendant TRW VSSI seeks to enforce Federal Rule of Civil Procedure 30(d)(1)'s presumptive limit of one day of seven hours per deposition in opposition to Plaintiffs' requested two days to examine the witness. *Doc. 138* at 4. However, TRW's position is somewhat flexible in this regard, indicating that while two days are too long, it would be willing to accommodate one full day with an early start and some additional time reserved on the following day. *Id.* Plaintiffs' assert that TRW's reading of Rule 30(d)(1) is mistaken, and they argue that each topic identified in a Rule 30(b)(6) notice is subject to a separate deposition, regardless of how many witnesses the organization designates. *Doc. 141* at 5-7.

Under Federal Rule of Civil Procedure 30(b)(6), a party may direct a deposition notice to an organization describing "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The organization must then designate one or more officers, directors, managing agents, or other individuals to testify on its behalf as to those subjects. *Id.* Rule 30(b)(6) depositions, like all depositions, are subject to a presumptive limit of one day of seven hours. Fed. R. Civ. P. 30(d)(1). "For the purpose of this durational limit, the deposition of each person designated under Rule 30(b)(6)

should be considered a separate deposition." *Id.* at Advisory Committee Notes to the 2000 amendments. This limit may be modified by agreement of the parties. *Id.* However, where no agreement is reached, the Court is empowered to alter these limits. *Id.*; Fed. R. Civ. P. 26(b)(1)(A). The party seeking to alter or limit the deposition "is expected to show good cause" and "[t]he Court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent[.]" Fed. R. Civ. P. 30(d)(1); *id.* at ¶ 3 to the 2000 Advisory Committee Notes.

The Court agrees with TRW VSSI that, where only one witness is designated, a deposition of one day of seven hours is the default under the rules, regardless of how many topics that witness is designated to testify to. Plaintiffs' reliance on *Patterson v. N. Cent. Tel. Co-op. Corp.*, 2013 WL 5236645, at *4 (M.D. Tenn. Sept. 17, 2013), in arguing to the contrary, is misplaced. Besides being non-binding on this Court, the *Patterson* Court merely recognized that each witness identified by an organization to testify in a Rule 30(b)(6) capacity is subject to a separate deposition of one day of seven hours. *Id.* at *4-5. In this case, however, Defendant TRW VSSI has chosen to designate a single witness to address all of the topics in Plaintiff's Rule 30(b)(6) notice. Accordingly, that deposition is subject to Rule 30(d)(1)'s durational limit.

Nevertheless, the Court is empowered to alter the limits set forth in Rule 30(d)(1) to the extent that additional time is needed "to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). TRW VSSI has also represented that it is "willing to cooperate with Plaintiffs to ensure they have adequate time for a fair examination of the witness." *Doc. 142* at 5. Thus, while the Court finds that Plaintiffs are only entitled to one day of seven hours, it hereby grants Plaintiffs an additional three hours to complete the deposition on a

second day, if Plaintiffs determine that additional time is necessary. Any further extension must be agreed to by Defendant TRW VSSI or otherwise authorized by this Court.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant TRW VSSI's Motion for Protection (*Doc. 138*) is **granted in part and denied in part**. For the Rule 30(b)(6) deposition of Defendant TRW VSSI's representative, Topic 1 of the Notice is limited to the retractors in the subject Excursion's front row seating positions, and Topic 2 is limited to the buckles in the subject Excursion's third row seating positions. Although the default durational limit one day of seven hours as allowed by Rule 30(d)(1) applies when, as here, the corporate representative is a single witness for all topics, Plaintiffs are hereby granted one additional day of three hours to conduct the deposition, if they determine the additional time is necessary. In any other respect, the motion is denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE